## Standard Manufacturing Co. v. John Lembke.

1. CONTRACTS—*May be Rescinded Before They Are Complete.*— Where a contract provides for the furnishing of a bond to secure the performance of the contract, it is not complete until this bond is furnished, and until that time, may be rescinded.

Assumpsit.—Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

JONES & ROGERS, attorneys for appellant.

CLIFFE & CLIFFE and JAMES W. CLIFFE, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit by appellant on a written order given by appellee February 20, 1902, to a traveling salesman of the former, for certain goods therein described. To a declaration consisting of the common counts and a special count on the written instrument, the defendant pleaded the general issue and gave notice thereunder, that he would rely on the defense of fraud and circumvention in the making and obtaining of said contract, and that the agent of plaintiff had agreed with defendant to cancel the contract and release and discharge defendant therefrom and surrender the same. A jury was waived and the court having found for the defendant, judgment was entered against the plaintiff for costs, from which it appealed to this court.

It appears from the proofs that on the day above named

W. M. Isbell, a traveling agent of appellant, called upon appellee, Lembke, who kept a general store in the village of Genoa, for the purpose of selling him an assortment of flavoring extracts, toilet and miscellaneous articles handled by appellant.   The agent had two forms of contract, one of which included a show case, for which no charge was made, and was for $173 worth of goods; the other omitted the show case and was for $65 worth of goods.   Appellee was induced by the agent to sign, as was supposed, a contract for the larger amount, but after it was signed the agent discovered it was the $65 contract and filled out one for the larger sum, which appellee also signed.   The agent then left the store saying he would return after supper.   After his departure, appellee having discovered that the agent had not left a copy of the contract as agreed and had also taken away the smaller contract, became suspicious of something wrong and concluded to cancel the order.   Isbell, the agent, did not return to the store after supper as he had promised, but appellee found him at the depot waiting for a train. Appellee testified that he told Isbell he wanted to countermand his order; that Isbell said he was awfully sorry, but consented to the countermand; that in answer to a demand for the return of the contract, Isbell said he couldn't give appellee that, as he had to show his work to the house, but the house would return it.   On the other hand, Isbell swore that he had already mailed the order and that he told appellee it was not subject to countermand.   Appellee also sent a letter countermanding the order on the same day, directly to appellant.   This letter was in an envelope with a return card on it and was never returned, but appellant claims to have never received the same.   Isbell also testified that he canceled the smaller order himself.

There is a notation at the bottom of the contract that appellant was to furnish a bond and leave it with Brown & Brown.   The writing does not show who these parties were or what the penalty of the bond was, nor what it was for, but from other sources it appears that Brown & Brown were bankers at Genoa and the bond was to secure the per-

formance of the contract. The contract was not therefore complete until this bond was furnished, which was not done until several days later. Had appellant failed to give this bond there would have been no contract and until the contract was complete appellee had a right to rescind the same.

Isbell was acting as general agent for appellant in the selling of the goods in question and appellee had no notice of any limitations on his authority nor does any such appear. The writing sued upon stated the order therein contained was not subject to countermand, but that instrument was not complete, and not binding until the bond provided for therein was furnished, and could not, therefore, defeat a countermand before the bond was given. Isbell swore he canceled the $65 contract and took such steps as annulled the same, although he carried it away with him. If he could cancel that order he had equal authority to cancel the one sued upon.

It is not disputed that appellee notified Isbell at the depot that he countermanded the order, but Isbell denied the statement of appellee that he accepted the countermand and agreed the company would return the order.

The trial judge saw both witnesses on the witness stand and heard them testify, and we do not feel warranted in disturbing his conclusions that appellee's testimony was true.

The judgment of the court below is affirmed.